**Dilshath SAHIBJAN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–3145–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2006.

Dilshath Sahibjan, New Hyde Park, NY, pro se.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the July 7, 2006, due date specified in the scheduling order issued on June 1, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

Present: GUIDO CALABRESI, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Dilshath Sahibjan, a native and citizen of India, seeks review of a May 17, 2004 order of the BIA affirming the July 22, 2003 decision of Immigration Judge ("IJ") William Van Wyke denying petitioner's motion to reopen her *in absentia* removal order. *In re Dilshath Sahibjan,* No. A70 581 150 (B.I.A. May 17, 2004), *aff'g* No. A70 581 150 (Immig. Ct.

N.Y. City July 22, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Denials of motions to reopen, including motions to reopen challenging orders of removal entered *in absentia,* are reviewed for an abuse of discretion. *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

An alien may challenge an *in absentia* order if she can prove that she did not receive proper notice of her hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii). In her motion to reopen, Sahibjan argued that she did not have notice of her hearing. However, as the IJ and BIA noted, the hearing notice in the record clearly indicates that notice was personally served on Sahibjan's attorney at a hearing before an IJ on May 21, 2002. Accordingly, the agency did not abuse its discretion when it denied Sahibjan's motion on this ground.

The BIA and IJ also denied Sahibjan's motion to reopen because she failed to establish that the illness she allegedly suffered on the day of her hearing constituted an "exceptional circumstance." An alien can move to rescind her *in absentia* order if she can prove that "exceptional circumstances" prevented her from attending the hearing. 8 U.S.C. § 1229a(b)(5)(C)(i).

The statute states that exceptional circumstances can include "serious illness of the alien." 8 U.S.C. § 1229a(e)(1). The IJ did not abuse his discretion in determining that there was insufficient evidence of serious illness. Accordingly, the IJ did not abuse his discretion in finding that Sahibjan failed to prove exceptional circumstances.

Sahibjan also asserts, for the first time, that she was not aware of the consequences of failing to appear. The fact that Sahibjan was ordered removed *in absentia* once prior, in February 2000, indicates that she was aware of the consequences of failing to appear. In addition, the hearing notices contain warnings regarding the consequences of failing to appear for a scheduled hearing. Lastly, Sahibjan argues that her case should have been reopened because she is the beneficiary of an immigrant petition and that she is eligible to adjust her status to that of a lawful permanent resident. Sahibjan's immigrant petition was granted in July 2002, six months prior to the hearing at which she failed to appear. However, Sahibjan failed to raise any arguments regarding adjustment in her motion to reopen to the IJ. Accordingly, this argument is not exhausted, and this Court will not review it. 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.